STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. STRATIS COMMERCIAL CORPORATION, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 19, 1978—Decided January 16, 1979.

Before Judges MICHELS and LARNER.

*Mr. Jay Pasternack* argued the cause for appellant (*Messrs. Breslin, Herten* and *LePore,* attorneys; *Mr. James LePore* on the brief).

*Mr. James Mayer,* Assistant Prosecutor, argued the cause for respondent (*Mr. Roger W. Breslin,* Bergen County Prosecutor, attorney).

PER CURIAM. Defendant appeals from the determination of the Bergen County Court in a *de novo* appeal from the county district court having jurisdiction thereof, whereby defendant was convicted of operating an overweight vehicle in violation of *N. J. S. A.* 39:3–84.3. The appeal is addressed solely to the contention that the summons for the traffic violation was invalid because it was issued by a county police officer. Defendant asserts that the authority to issue a summons for such a violation is limited to State Police and motor vehicle inspectors in view of the reference to them in *N. J. S. A.* 39:3–84.3.

■ We disagree.

*N. J. S. A.* 39:5–1 constitutes ample authority for county police to enforce the provisions of *N. J. S. A.* 39:3–84.3 by the issuance of a summons for a violation thereof. It provides:

> The enforcement of this subtitle shall be vested in the director, the inspectors appointed under this authority, and the police or peace officers of, or inspectors duly appointed for that purpose by, any municipality or county or by the State.

Furthermore, *N. J. S. A.* 40A:14–107 grants the power of enforcement particularly to county police by providing:

> The members and officers of a county police department and force, in addition to any and all other powers prescribed by law, shall have the power to enforce:
> \*        \*        \*        \*        \*        \*        \*        \*
> (3) all provisions of Title 39 (Motor Vehicles and Traffic Regulation) of the Revised Statutes \* \* \*.

■ We are convinced that these statutes, which are *in pari materia* with *N. J. S. A.* 39:3–84.3, should be construed together as a harmonious whole in order that they be fully effective to carry out the legislative purpose in regulating and enforcing the weight requirements for trucks on the public highways of this State. See *Clifton v. Passaic Cty. Bd. of Tax.*, 28 *N. J.* 411, 421 (1958). We reject the suggestion

that the mere fact that the Legislature amended *N. J. S. A.* 39:3–84.3 in 1975 represents an implied repealer of the cited statutes. In the absence of a clear legislative intent, courts will not indulge in inferential repeals of a statute; every reasonable construction will be applied to avoid such a result. See *Goff v. Hunt,* 6 *N. J.* 600, 607 (1951).

Finally, as we observed in *State v. Horn,* 120 *N. J. Super.* 203, 207 (App. Div. 1972), with reference to the question of the authority of county police to enforce load restrictions on county bridges in view of *N. J. S. A.* 39:3–84.3, "it would be incongruous to hold that county policemen are without power to compel adherence to load restrictions" on the public highways of this State by the issuance of a summons for a violation.[1] There is no indication in *N. J. S. A.* 39:3–84.3 or elsewhere that the general power of county police to issue summonses for violations of *Title 39* is in any way curtailed.

Affirmed.

---

[1]The Law Division opinion in *State v. Horn* is reported at 117 *N. J. Super.* 72 (1971). The query raised in dictum in that opinion (at 81) pertaining to the interplay of *N. J. S. A.* 39:5–1 and *N. J. S. A.* 39:3–84.3 is rejected, just as is the dictum in *State v. Metropolitan Iron and Steel Co.,* 62 *N. J. Super.* 412, 418 (Cty. Ct. 1960).